Jas. M. Forsythe, Jr., *v.* Aaron Alexander's Ex'x.

**Will—Life Estate—Distribution to Children.**

> Where a widow by will is given a life estate, with the burden of supporting and educating the children out of the estate, she had no power to give the whole estate to one of the children or to expend it to her own use.

APPEAL FROM MERCER CIRCUIT COURT.

September 4, 1875.

Opinion by Judge Pryor:

It is manifest from the provisions of the will of A. H. Alexander that no greater estate passed to his wife than an estate for life, with the burden imposed upon her (out of the estate) of supporting and educating his children; and for this purpose she had the right to use and dispose of it according to a sound discretion. She had no power to give the whole estate to one of the children, or to expend it, by appropriating the proceeds to her own use. If a stranger had been empowered to use and dispose of the property for the benefit of the children according to his sound discretion, it cannot be pretended that he could have given to one child a double portion or excluded others from any interest in the estate.

The discretion given was as to the manner and character of the maintenance and education she should give the children whilst under her control, and was not intended to vest the wife with the absolute title to the estate, or to enable her to prefer one child to another in making a distribution between them of the property. She was empowered by the 4th clause of the will to make advancements to the children during the continuance of her life estate, or so long as she remained a widow; but she is enjoined, by an express provision of this clause, to charge the property so advanced at a fair valuation. If the devisor intended to give the property to the wife, or to enable her to dispose of it as between the children in any manner

she saw proper, there would have been no necessity for enforcing upon the wife the duty of charging each child with the advancement made. The 5th clause of the will requires an equal distribution of the estate, or what remains unexhausted, between the children, and this clause, taken in connection with the previous clauses of the will, means equality between the children in the distribution of the whole estate. The advancements to be made by the wife, and with which the children should be charged, are such as are made by the widow over and above their education and support.

The discretion with reference to advancements means that the wife may give during her widowhood to such of the children as she may see proper; but the property so given the child is to be charged, in order that the children in the final distribution of the estate may be made equal. The answer of the appellants in this case allege the death or insolvency of the sureties in the bond of the executor. The executrix is a non-resident, and has made advances to the other children greatly in excess of the amount advanced to Mrs. Forsythe, and the note in controversy is all that is left of this large estate. If these alleged facts are true, the appellants are entitled to relief. The cause should have been left to the commissioner to ascertain these facts, and to report the condition of the estate, in order that the chancellor, if the facts exist as alleged, may, by his judgment, secure the money to those entitled after the termination of the life estate.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. A. & P. W. Hardin, for appellant.*
*J. B. & P. B. Thompson, for appellee.*